**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BETSY TORRES,**<br>*Plaintiff*,<br>**v.**<br><br>**FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | **No. EP-26-CV-00941-MAT** |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Betsy Torres's ("Plaintiff") "Stipulation for the Award and Payment of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)," filed on September 28, 2026. Stip. for the Award and Payment of Att'y Fees Pursuant to the Equal Access to Just. Act, 28 U.S.C. §2412(d) [hereinafter "Motion"], ECF No. 18. Plaintiff also filed a brief in support. Mem. in Supp. of Mot. for Att'y Fees Pursuant to the Equal Access to Just. Act. [hereinafter, "Plaintiff's Brief"], ECF No. 19. Pursuant to 28 U.S.C. § 636(b)(1)(B), and the Honorable District Judge Kathleen Cardone's standing order,[1] the motion was referred to the undersigned for a report and recommendation.[2] For the reasons that follow, the Court recommends that the motion should be **GRANTED IN PART** and **DENIED IN PART.**

---

[1] *See* https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Order-Regarding-Civil-Case-Assignments.pdf.

[2] *See* 28 U.S.C. § 636(b)(1)(B) (A district "judge may . . . designate a magistrate judge . . . to submit to [the district] judge . . . proposed findings of fact and recommendations for the disposition . . . of any motion excepted in subparagraph (A)" of § 636(b)(1).); Fed. R. Civ. P. 72(b)(1) (providing that on a dispositive motion, "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact"); Fed. R. Civ. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a *dispositive* pretrial matter." (emphasis added)); *see also McCombs v. Meijer, Inc*., 395 F.3d 346, 360 (6th Cir. 2005) ("A Magistrate Judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues."); *Est. of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993) (similar); *cf. also Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 947 (D.C. Cir. 2017) ("[W]e join a number of our sister circuits in requiring that motions for attorney's fees be reviewed *de novo* if referred to a Magistrate Judge and properly objected to." (citing cases from the Second, Sixth, and Tenth Circuits)).

Through her motion, Plaintiff asks the Court to award attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) as the "prevailing party" in the above-styled cause of action. The EAJA provides a mandatory attorney fee award for a prevailing party in a civil suit against the federal government, including "proceedings for judicial review of agency action." *See* 28 U.S.C. §2412(d)(1)(A). Once the plaintiff establishes eligibility, "the government must pay attorney's fees unless it is able to prove that its position was substantially justified, or special circumstances make an award unjust." *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019) (citations omitted); *see also* 28 U.S.C. §2412(d)(1)(A); *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam).

The record reflects that on September 17, 2026, this Court issued an Order and entered judgment, reversing the Commissioner's decision and remanding Plaintiff's case to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g). Order, ECF No. 15; Final J. ECF No. 16. The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to sentence four of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S. Dep't of Health & Hum. Servs.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff requests fees in the amount of $8,500.00. Pl.'s Br. 2-4.[3] In support of the Motion, Plaintiff's counsel submitted an itemization of the hours he spent representing Plaintiff in this case. Pl.'s Br. 2-3. Plaintiff's counsel declares that he spent a total of 34.75 hours on this matter. *Id.* Plaintiff's counsel argues that the reasonable hourly rate under the EAJA is $258.46. *Id.* at 2. After discussion, Plaintiff and Defendant agreed to lower the total requested fees to $8,500.00. *Id.* at 4. The Court finds that the agreed-upon sum of $8,500.00 should be awarded as reasonable fees.

[3] Plaintiff initially requested 34.75 hours' worth of fees at $258.46 per hour, or $8,981.48 but after discussions with the Commissioner, reduced this amount to $8,500.00. *Id.*

The Court next addresses to whom the attorney fees should be made payable. In *Astrue v. Ratliff*, the Supreme Court held that plaintiffs, rather than their attorneys, are the true "prevailing parties" who are entitled to EAJA awards. 560 U.S. 586, 589–96 (2010) (interpreting 28 U.S.C. § 2412(d)). Following *Ratliff*, the Fifth Circuit held that "whereas [42 U.S.C.] § 406(b) fees are paid directly to the successful claimant's attorney, EAJA fees are paid to the claimant, who may or may not tender the award to counsel." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

Subsequently, district courts in the Fifth Circuit have often ordered EAJA awards payable to the plaintiff, even if the plaintiff assigned his or her rights to the award to the attorney. *See, e.g.*, *Woelper v. Kijakazi*, No. EP-23-CV-00227-ATB, 2023 WL 8656929, at *2–3 (W.D. Tex. Dec. 14, 2023) (ordering EAJA award payable to plaintiff despite assignment agreement); *Carpenter v. Kijakazi*, No. 21-328, 2022 WL 16961122, at *1–2 (E.D. La. Nov. 16, 2022) (same); *McCullough v. Saul*, No. SA-18-CV-00128-ESC, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) (same).

At least one district court in the Fifth Circuit has ordered payment of an EAJA award to the attorney rather than the litigant. *Bolden v. Colvin*, 114 F. Supp. 3d 397, 399–400 (N.D. Miss. 2015). That court emphasized that "*Ratliff*'s use of the phrase 'payable to the litigant' has no bearing on to whom the payment may be directed" and "[t]hus, *Ratliff* cannot be construed to deny attorneys from acquiring beneficial interests in, or contractual rights to, any awards or fees directly payable to their clients." *Id.* at 399. The court elaborated that "honoring fee assignments would alleviate collection problems for attorneys who are already statutorily limited to a relatively low fee, thereby serving the EAJA's policy aims of reducing the 'disincentives for those who would defend against unjustified governmental action.'" *Id.* at 400 (quoting *United States v. Claro*, 579 F.3d 452, 466 (5th Cir. 2009)).

Here, Plaintiff and her counsel entered into a fee agreement where Plaintiff assigned the payment of fees to her counsel. ECF No. 18-4. Moreover, the Commissioner does not appear to oppose Plaintiff's request that the fee award be paid directly to Plaintiff's attorney, rather than to Plaintiff herself subject to any offset allowed by the United States Department of Treasury's offset program. *See generally* Mot. This Court recognizes the logic of the *Bolden* court's reasoning. Nevertheless, considering *Ratliff*, *Jackson*, and the majority approach of Fifth Circuit district courts, this Court will make the EAJA award payable to Plaintiff but sent in care of Plaintiff's attorney to the attorney's address. *See, e.g.*, *Woelper*, 2023 WL 8656929, at *2–3 (ordering EAJA fee payable to plaintiff but sent in care of plaintiff's attorney to the attorney's address); *Sotello v. Comm'r of Soc. Sec.*, No. 5:19-CV-00303-DAE, 2020 WL 7422102, at *1 (W.D. Tex. July 9, 2020) (same).

Having reviewed the record and considering that Plaintiff's Motion is unopposed, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA as the prevailing party in this case. The court finds that Plaintiff's Motion for attorney fees payable to Plaintiff should be granted but sent in care of Plaintiff's attorney to the attorney's address.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's "Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act" (ECF No. 18) be **GRANTED IN PART** and **DENIED IN PART**. It is **RECOMMENDED** that the Motion be **GRANTED** as to the amount requested but **DENIED** as to the request that the award be directly paid to Plaintiff's counsel.

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded **$8,500.00** in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), made payable to Plaintiff

but sent in care of Plaintiff's attorney to the attorney's address on record. The award is subject to any offset to satisfy Plaintiff's pre-existing federal debt, if any exists.[4]

**SIGNED** and **ENTERED** this 14th day of October, 2026.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

[4] *See Jackson*, 705 F.3d at 531 n.11 ("Because the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant owed to the federal government.").